## ROSELL v. ANTRIM LBR. CO.

No. 18743. Opinion Filed Oct. 8, 1929.

Otjen, Wilson & Carter and V. L. Headrick, for plaintiff in error.

McKeever, Moore & Elam, for defendant in error.

HEFNER, J. The Antrim Lumber Company, defendant in error herein, brought this suit, as plaintiff, in the district court of Garfield county against William Lewis and Eugene Rosell, as defendants. The petition alleged that the defendants were indebted to the plaintiff in the sum of $230.30 for labor and material furnished them for the repair of certain buildings on lots 3 and 4 in block 4, Barber addition to the city of Garber, Okla., and that the labor and material was furnished under a contract entered into between it and the defendants.

The defendant Eugene Rosell in his answer and cross-petition denied all allegations, and specifically denied that he entered into a contract, either oral or written, with the plaintiff, and denied that he had any knowledge that the plaintiff furnished the labor and material for the purpose of repairing the buildings. He pleaded further, that the labor and material was furnished solely to the defendant Lewis, without his knowledge or consent, and that on the 16th day of September, 1922, he entered into a written contract with the defendant Lewis to sell him said lots for $700, the contract providing that upon default in the payment of any installment the contract should be void. A copy of the contract is attached to his answer and cross-petition, and it was further pleaded that the contract was canceled and returned to him on the 13th day of August, 1923, because of the default of the defendant Lewis. The contract was introduced in evidence, and a portion of it is as follows:

"Witnesseth, That the said party of the first part hereby agrees to sell and convey unto the said party of the second part by a good and sufficient warranty deed clear of all incumbrances, the following described real estate, situated in Garfield county, state of Oklahoma, to-wit:

"It is further agreed that said party of the second part to have the possession of said premises and the use thereof after the 5th day of October, 1922. Said party of the second part agrees to commit no waste nor suffer any to be committed, and to pay all taxes thereon after the year 1922, and to keep all fences, buildings, and improvements thereon in good condition as they now are, usual wear and tear and loss by fire and inevitable casualty only excepted. Any failure on the part of the party of the second part to faithfully keep and perform each and all of the above conditions required or to make any of the payments at the time and in the manner above specified, shall render this contract void at the option of the said party of the first part, and he may retain all payments made as agreed and liquidated damages, and recover ·immediate possession of said premises."

The evidence disclosed that the material was furnished during the months of September and October, 1922, and that it was furnished under a contract with the defendant Lewis, and· not under contract with the defendant Eugene Rosell, who was at that time the record owner of the land. William Lewis was in possession of the land under the contract of purchase. Sometime after the improvements were made, and after the defendant Lewis had abandoned his contract for the purchase of the land and possession had been delivered to Rosell, the evidence discloses the plaintiff caused a contract to be presented to the defendant Rosell, providing for a lien upon the building, improvements, etc. The defendant Rosell refused to sign the contract. There is no doubt but that the material was furnished by the plaintiff. The evidence· also clearly shows that the defendant Rosell never at any time authorized the improvements on said premises, neither did he in any manner ratify the placing of the improvements thereon. There is little, if any, dispute as to the facts.

The trial court entered its judgment in favor of the plaintiff, foreclosed the lien against both the improvements and the land, and entered a personal judgment against the defendant Eugene Rosell, and ordered the property sold in satisfaction of the judgment.

Under the view we take of the case, it is necessary for us to consider but one question: Did the court commit error in allowing a lien in favor of plaintiff for the improvements made?

It is necessary to notice the time when the material was furnished and the law then in force. The material was furnished in September and October, 1922. At that time section 7461, C. O. S. 1921, as amended in 1919, was in effect. The section provides for a lien for labor and material under certain given conditions. It also contains this provision:

"* * * Provided however, that where the person making such improvements or causing same to be made, holds a · contract for title to real estate with the person in whom record title to said real estate rests, no lien shall attach to either the land or the improvements without the written consent of the person in whom said record title is vested, and no court shall hereafter have jurisdiction to hear and determine any suit to foreclose such a lien unless such assent or a ·certified copy of the same is attached to petition to foreclose. * * *"

The Legislature in 1923 again amended this statute by providing that if title to the land is not in the person with whom the contract for labor or materials is made, the lien shall be allowed on the building and improvements on such land, separately from the real estate. That is the law at the present time, but at the time the material in the instant case was furnished, the statute specifically provided that in event the person making the improvements held a contract for title with the person in whom the record

title rested, no lien should attach to either the land or the improvements, without the written consent of the person in whom the record title was vested. The act even went further, and provided that no court should have jurisdiction to hear and determine any such lien unless such assent, or a certified copy thereof, was attached to the petition to foreclose. In the case at bar the defendant Rosell was the record owner of the land. He executed a contract of sale in favor of the defendant Lewis. The contract was placed in escrow and was never delivered. While the contract was in escrow Lewis went into possession, purchased the material, and made the improvements. He later defaulted, the contract was returned, and possession of the property was delivered to the defendant Rosell. The trial court found that there was no ratification by Rosell of any kind or character of the claim of plaintiff, and the evidence abundantly supports the finding.

The statute in force at the time the improvements were made, under the facts disclosed by the evidence in the case, did not provide for a lien, but specifically provided that no lien should attach to either the land or the improvements without the written consent of the person in whom the record title vested. The owners consent was not given and the lien cannot attach. The judgment of the trial court is reversed, with directions to grant a new trial and take such further proceedings as may be right and just, not inconsistent with the views herein expressed.

MASON, C. J., LESTER, V. C. J., and HUNT, CLARK, RILEY, and ANDREWS, JJ., concur. CULLISON, J., disqualified and not participating. SWINDALL, J., not participating.

Note—See "Mechanics' Liens," 40 C. J. §109, p. 111, n. 70; §114, p. 114, n. 17.